**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

GEORGE O. LAMBUS                                                                                      PLAINTIFF

VS.                                                                    CIVIL ACTION NO. 3:07CV288-HTW-LRA

JATRAN                                                                                                          DEFENDANT

**ORDER OF DISMISSAL**

Before the court is the motion of defendant, Jackson Public Transportation Company, Inc. ("JATRAN"), to dismiss this complaint, or in the alternative for summary judgment, filed pursuant to Rule 12(b)(1) and (6)[1] and Rules 56(b) and (c)[2] of the

---

[1] Rule 12 of the Federal Rules of Civil Procedure provides:

(b) How presented.  Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

(1) lack of jurisdiction over the subject matter, . . .

(6) failure to state a claim upon which relief can be granted, . . .

[2] Rule 56 of the Federal Rules of Civil Procedure provides:

(b) For Defending Party.  A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

(c) Motion and Proceedings Thereon.  The motion shall be served at least 10 days before the time fixed for the hearing.  The adverse party prior to the day of hearing may serve opposing affidavits.  The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  A summary judgment, interlocutory in character,

Federal Rules of Civil Procedure [docket # 3].

## I.  Pertinent Facts and Procedural Posture

On or about May 9, 2007, plaintiff George O. Lambus[3] claims he sustained injuries from a vehicular incident while riding as a passenger on a bus owned by JATRAN, a public transit system d/b/a Jackson Public Transportation Company, Inc.[4] Plaintiff filed his *pro se* complaint on May 23, 2007, seeking an award of compensatory and exemplary damages in the amount of one hundred thousand dollars ($100,000.00). JATRAN submitted the instant motion on June 13, 2007, arguing the court lacks subject matter jurisdiction over this cause.

## II.  Legal Standard

Complaints filed by *pro se* plaintiffs are held to a less stringent standard than complaints filed by lawyers, and thus *pro se* complaints are "to be liberally construed . . ." *Erickson v. Pardus*, –- U.S. —, ---, 127 S.Ct. 2197, 2200 (2007)(per curiam).  This court has given Lambus's complaint the thoughtful reading it normally undertakes, but finds, nevertheless, that he failed to plead any facts or any claims to support federal jurisdiction.  For the reasons that follow, this court grants defendant's motion to dismiss.  All other pending motions are, hereby, rendered moot.  This court will only address the jurisdictional issue.

---

may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

[3]Plaintiff George O. Lambus is an adult resident citizen of Hinds County, Mississippi.

[4]Jackson Public Transportation Company, Inc., is a Mississippi corporate entity.

### III.  The Matter of Subject Matter Jurisdiction

**A.     Rule 12(b)(1) Standard**

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction.  *See* Fed.R.Civ.P. 12(b)(1).  Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims.  *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151(5th Cir. 1998).  In a Rule 12(b)(1) inquiry, the plaintiff bears the burden to show that the court has jurisdiction to entertain his action.  *Santos v. Reno*, 228 F.3d 591, 594 (5th Cir. 2000); *Stockman*, 138 F.3d at 151.  If the plaintiff cannot meet this burden, and "it appears that subject matter jurisdiction is lacking," then the court is required to dismiss the case, without reaching the merits.  *Stockman*, 138 F.3d at 151;  *see Moran v. Kingdom of Saudi Arabia*, 27 3d 169, 172 (5th Cir. 1994).  "[T]he district court . . . has the power to dismiss [pursuant to Rule 12(b)(1)] on any one of three separate basis: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; (3) or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *Voluntary Purchasing Groups, Inc. v.* Reilly, 889 F.2d 1380, 1384 (5th Cir. 1989); *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

**B.     Rule 12(b)(6) Standard**

A motion filed pursuant to Rule 12(b)(6) challenges the sufficiency of the plaintiff's allegations.  Fed.R.Civ.P. 12(b)(6).  In order to avoid a dismissal under a Rule 12(b)(6) motion, plaintiffs must plead enough facts to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, — U.S. —, —, 127 S.Ct. 1955, 1974,

167 L.Ed.2d 929 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 1965.  Accordingly, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*

## IV.  Analysis

Defendant JATRAN argues this lawsuit must be dismissed because this court lacks subject matter jurisdiction over this cause.  Specifically, defendant complains that although plaintiff indicated on his civil cover sheet that he seeks to pursue a claim under the court's federal question jurisdiction, Title 28 U.S.C. § 1331,[5] the complaint fails to state a federal constitutional or statutory claim.  Thus, plaintiff clearly lacks standing to pursue a cause of action under the court's federal question jurisdictional grant.

Next, plaintiff has not established diversity jurisdiction under Title 28 U.S.C. § 1332.[6]  Plaintiff does not allege that the lone defendant named in the complaint, JATRAN, is a citizen of a different state, a prerequisite to suit under diversity jurisdiction.  Instead, under the "Jurisdiction" heading in his complaint, plaintiff alleges "The Company that owns JATRAN is an out of State conglomerate contracted by the City of Jackson."  The court can only evaluate and consider an entity's citizenship if it is

---

[5] Title 28 U.S.C. § 1331 says: The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

[6] Title 28 U.S.C. § 1332 (a) says: The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States; . . .

named on the face of the complaint.  Therefore, plaintiff has indeed failed to establish subject matter jurisdiction under the diversity of citizenship prong.

A Rule 12(b)(6) invites a ruling on the merits.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).   Accordingly, the court will forego analyzing the plaintiff's complaint on that basis.

## V.  Conclusion

After considering Lambus's complaint and all attached documents, the court finds that the plaintiff has failed to meet his pleading requirement.  A number of pleading deficiencies plague Lambus's complaint, including but not limited to: a failure to indicate the court's proper jurisdictional grant.

Therefore, the defendant's motion to dismiss shall be granted, and the plaintiff's complaint is dismissed without prejudice.

**SO ORDERED**, this the 27th day of March, 2008.

                            **s/ HENRY T. WINGATE**
                            **CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:07-cv-288 HTW-LRA
Order of Dismissal